Shilling v. Cincinnati.

market price for the stock are agreed to be paid, parol evidence is incompetent to show that this ·was executed only as a memo-randum and partial statement of the agreement, for special pur-, pose, and that another independent oral agreement was made at the same time and upon the same consideration that the seller should not engage in similar business within five years.'' *Doyle v. Dixon,* 94 Mass.. (12 Allen), 576.

Plaintiffs in error cite and rely upon the case of *Welz* v. *Rhodius,* 87 Ind., 1 [44 Am. Rep. 747], which case is similar to the cases above referred to, but contrary to them in its conclu-sions. The Indiana case appears to have followed the doctrine laid down in English authorities, which authorities have been much criticized in American cases as carrying the doctrine of the admissibility of parol evidence where there is a written agreement between the parties, to an extreme length.

Judgment affirmed.

HALE and MARVIN, JJ., concur.

---

## MUNICIPAL CORPORATIONS.

[Hamilton (1st) Court of Appeals, March 29, 1915.]

Jones, Jones and Gorman, JJ.·

GEORGE E. SHILLING v. CINCINNATI (CITY).

1. **Removal of Ashes by Municipality is Government Function.**
    The removal of ashes by a municipality from business houses and the residences of private citizens is an exercise of a government-al function, and not of a private or proprietary duty.
2. **Municipal Ash Cart Employe cannot Recover for Injuries Resulting from Insufficient Help.**
    But were a contrary holding to be made, no cause of action would arise in the case of one employed on an ash cart and with ex-perience in that class of work, who complains that he injured himself lifting receptacles containing ashes because not enough help was provided for the work.

*Alcorn & Alcorn,* for plaintiff in error.

*Walter M. Schoenle,* City Solicitor, and *Constant South-worth,* Assistant City Solicitor, contra.

## GORMAN, J.

This was an action brought by the plaintiff in error to re-cover damages for personal injuries sustained by him while in

the service of the defendant as an ash-cart man, in attempting to lift into one of the city's carts a receptacle containing ashes, and which by reason of its great weight and the insufficient strength of plaintiff and another employee of the city, caused the plaintiff to strain himself and become permanently injured. The negligence charged is the failure of the city to furnish a sufficient number of men to collect and carry away the receptacles containing ashes, and although plaintiff complained of the want of sufficient help he was ordered to do the work with another man or leave the service.

A demurrer to the petition was sustained by the court below, and the petition was dismissed. It is claimed that the court below erred in not overruling the demurrer.

While there is a conflict of authority as to whether or not the removal of ashes from the residences of the citizens is an act of the municipality in its governmental capacity, we are of the opinion that the weight of authority supports the contention that such an activity on the part of the municipality is an exercise of a governmental function and not an exercise of its private or proprietary duties.

The authority to remove ashes is found in Sec. 3649 G. C., under the enumerated powers granted for the preservation of the health of the inhabitants of the municipality.

"The power or even duty on the part of the municipality to make provision for the public health, and for the care of the sick and destitute, appertains to it in its public and not corporate, or as it is sometimes called, private capacity." Dillon, Municipal Corporations, 4th Ed., Sec. 977; *Condict* v. *Jersey City,* 46 N. J. L., 157; *Haley* v. *Boston,* 191 Mass., 291; [77 N. E. 888]; *Johnson* v. *Somerville,* 195 Mass., 370 [81 N. E. 268].

There are, it is true, authorities which hold that the removal of ashes and garbage is an exercise of the proprietary or private functions of a municipality, among which may be cited the following cases: *Quill* v. *The Mayor,* 36 App. Div. (N. Y.), 476; *Missano* v. *Mayor,* 160 N. Y., 123 [54 N. E. 744]; *Denver* v. *Porter,* 126 Fed., 288 [61 C. C. A. 168].

Some of these cases arose where the municipality was removing ashes and refuse from its streets and under a statutory

Shilling v. Cincinnati.

duty to keep its streets clean and free from nuisance, and not under the duties to be performed by the health department; and we believe that in such cases, street cleaning and repairing, the municipality may be under the statute liable for negligence. This is true at least in Ohio.

But we do not believe that this rule of *respondeat superior* should apply where the municipality is exercising its police powers through the authority granted it to provide for the public health. It is not ordinarily liable for negligence while engaged in the performance of its functions under the police powers. But if it be conceded for the purposes of the case that the defendant in removing ashes from the residences was exercising its authority and powers in its private or proprietary capacity, nevertheless, we hold that this case is ruled by the case of *Cincinnati Gas & Elec. Co.* v. *Johnston,* 76 Ohio St. 119.

In that case Johnston, an employee of the defendant company, ruptured himself while lifting a heavy spar, in conjunction with other employees of the defendant company, and it was held that he being an experienced man in the work and knowing the number of men necessary to do the work safely and prudently, could not recover by reason of the failure of the master to furnish a sufficient number of men to safely perform the work.

In the case at bar the plaintiff was an experienced man at removing ashes and lifting receptacles. He knew better than any one the limits of his strength and his lifting powers. He was not obliged to tax his strength beyond his capacity. He was not ordered by any superior to do so. He did what he did voluntarily. Nor does it appear that he was ordered to lift any receptacle into the ash wagon. His orders were generally to collect and remove ashes. We think that his liability to over-exert himself was one of the ordinary risks incident to his employment which he assumed when he remained at work on the ash-cart. As was said in the Johnston case, *supra,* we do not think the case of *Van Duzen Gas Co.* v. *Schelies,* 61 Ohio St. 298 [55 N. E. 998], applies to the facts of the case at bar.

The lifting of the ash receptacle, as the lifting of the spar in the Johnston case, *supra,* required no special skill and involved

no risk or peril except such as was perfectly obvious to every one. Plaintiff knew its weight, or at least that it was heavy, and he knew the number of men ordinarily required to handle the receptacle, and if more than two men were required to. lift it he knew it. Indeed, he knew every fact and circumstance that was within the knowledge of the foreman of his department, his superior officer, with reference to the work he was performing. Under such circumstances his petition fails to state a cause of action and the demurrer was properly sustained.

Judgment of the court of common pleas affirmed.

JONES (S. H.) and JONES (O. B.), JJ., concur.